STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
April 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT J. REYNOLDS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1306** (BOR Appeal No. 2047254)
                    (Claim No. 2010106719)

**KINGSTON MINING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert J. Reynolds, by Reginald D. Henry and Rodney A. Skeens, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kingston Mining, Inc., by Shantel Boone Walker, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 5, 2012, in which the Board affirmed a May 21, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 23, 2010, decision granting Mr. Reynolds a 10% permanent partial disability award for occupational pneumoconiosis. The Office of Judges granted Mr. Reynolds no permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Reynolds worked for Kingston Mining, Inc., as an underground miner. On August 31, 2009, following his retirement, Mr. Reynolds filed an application for workers compensation benefits. The physician's section of Mr. Reynolds's application was filled out by Sonja Mehta, D.O., who stated that he had occupational pneumoconiosis. Mr. Reynolds's application also included a spirometry report from the New River Breathing Center which found that he had mild obstructive ventilator insufficiency. Mr. Reynolds's claim was submitted to the Occupational

1

Pneumoconiosis Board, which found that there was sufficient evidence at the time to justify a diagnosis of occupational pneumoconiosis with 10% pulmonary impairment. On August 23, 2010, the claims administrator granted Mr. Reynolds a 10% permanent partial disability award for occupational pneumoconiosis. Following the award, the Occupational Lung Center performed a post-bronchodilator diffusion test which was within normal limits. Donald L. Rasmussen, M.D., also evaluated Mr. Reynolds for occupational pneumoconiosis and found that there were no parenchymal or pleural abnormalities consistent with occupational pneumoconiosis. However, Dr. Rasmussen found that Mr. Reynolds's reduced $FEV_1/FVC$ ratio, exhibited in the spirometry testing, showed that he had 10% pulmonary impairment. Dr. Rasmussen attributed Mr. Reynolds's pulmonary impairment primarily to coal dust exposure and secondarily to a history of cigarette smoking. The Occupational Pneumoconiosis Board then testified at a hearing before the Office of Judges and, in light of the Occupational Lung Center post-bronchodilator study, concluded that Mr. Reynolds had no pulmonary impairment. The Occupational Pneumoconiosis Board testified that this test was the best study in the record. On May 21, 2012, the Office of Judges reversed the claims administrator's decision and granted Mr. Reynolds no permanent partial disability award for occupational pneumoconiosis. The Office of Judges concluded that the claims administrator's grant of a 10% permanent partial disability award was an overpayment. The Board of Review then affirmed the Order of the Office of Judges on October 5, 2012, leading Mr. Reynolds to appeal.

The Office of Judges concluded that the Occupational Pneumoconiosis Board had found that there was insufficient evidence to demonstrate any pulmonary impairment attributable to occupational pneumoconiosis. The Office of Judges then adopted the conclusions of the Occupational Pneumoconiosis Board and held that the Board's findings and conclusions had not been demonstrated to be clearly wrong. The Office of Judges noted that the Occupational Pneumoconiosis Board had testified that the more recent diffusion study of the Occupational Lung Center was normal and showed no pulmonary impairment. The Office of Judges also noted that the Occupational Pneumoconiosis Board believed that Dr. Rasmussen's recommendation of 10% impairment was not reliable because it did not take into account an adjustment for super volume. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Reynolds has not demonstrated that he is entitled to any permanent partial disability award for occupational pneumoconiosis. In its hearing testimony, the Occupational Pneumoconiosis Board found that the most reliable evidence of Mr. Reynolds's impairment was the post-bronchodilator study conducted by the Occupational Lung Center, which showed that Mr. Reynolds's diffusion capacity was within normal limits. The Occupational Pneumoconiosis Board testified that, in light of this study, there was insufficient evidence to find that any pulmonary impairment could be attributed to occupational pneumoconiosis. The Occupational Pneumoconiosis Board also indicated that the pulmonary testing of both Dr. Rasmussen and the New River Breathing Center were not as reliable, and it pointed out specific problems with both studies. The recommendation of the Occupational Pneumoconiosis Board is consistent with the remainder of the record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED:  April 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II